UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROY BESSLER, | |
|     Petitioner, | |
|     v. | CAUSE NO. 3:22-CV-632-JD-MGG |
| WARDEN, | |
|     Respondent. | |

OPINION AND ORDER

Roy Bessler, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for possessing marijuana with intent to deliver under Case No. 15C01-1102-FC-10. Following a guilty plea, on March 20, 2012, the Dearborn Circuit Court sentenced him to eight years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The statute of limitations for habeas petitions states as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the petition, Bessler argues that his petition is timely because he did not discover the legal basis for his claims until the conclusion of his post-conviction proceedings. Bessler's claims are that police officers falsified the probable cause affidavit supporting the search warrant and that the sentencing judge had a conflict of interest because that judge had also authorized the search warrant. Bessler does not identify any State-created impediment that prevented him from filing a habeas petition, any recently recognized constitutional right related to his claims, or any factual predicate that could not have been discovered with due diligence prior to his trial.

Consequently, the date on which the judgment became final is the applicable starting point for calculating timeliness. On direct appeal, the Indiana Supreme Court

denied transfer on March 28, 2013.[1] Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on June 26, 2013. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a state prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). Two hundred twenty-nine days later, on February 10, 2014, Bessler initiated post-conviction proceedings, which tolled the federal limitations period. These proceedings concluded on September 5, 2019, when the Indiana Supreme Court denied transfer. The federal limitations period expired one hundred thirty-six days later on January 21, 2020. Though Bessler initiated additional efforts to obtain post-conviction relief thereafter, these efforts did not restart the federal limitations period, nor did they "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Because Bessler filed the petition two years too late, the court finds that the petition is untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/ mycase/.

3

constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Jones to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely;

(2) DENIES Roy Bessler a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on August 15, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT